Filed 7/31/23  P. v. Wahlert CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079621 |
| v. | (Super. Ct. No. RIF095477) |
| JOSHUA BLAINE WAHLERT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Joshua Blaine Wahlert appeals the trial court's order denying his petition to vacate his 2003 murder conviction and for resentencing under Penal Code[1] section 1172.6 (formerly section 1170.95).[2] The trial court relied on the jury's robbery-kidnapping-murder special-circumstances findings to deny relief at the prima facie review stage. On appeal, defendant contends the trial court erred in denying his petition at the prima facie stage because the court failed to adhere to the procedures articulated in section 1172.6, misapplied the law and failed to appropriately specify the reasons for the denial. The People agree the order denying the petition should be reversed and the matter remanded to the trial court for further proceedings consistent with *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We also agree. Accordingly, we reverse the trial court's order denying the petition and remand the matter for further proceedings pursuant to section 1172.6.

---

[1] All future statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text. (Stats. 2022, ch. 58, § 10.) We cite to section 1172.6 for ease of reference unless otherwise indicated.

## II.

## PROCEDURAL BACKGROUND[3]

On November 3, 2003, a third amended information was filed charging defendant with first degree murder (§ 187, subd. (a); count 1), being a felon in possession of a firearm (§ 12021, subd. (a)(1); count 2;), being a felon in possession of ammunition (§ 12316, subd. (b)(1); count 3), and brandishing a firearm (§ 417, subd. (a)(2); count 4).[4] As to the murder offense, the information alleged two special circumstances that defendant committed the murder while engaged in the commission of a robbery and kidnapping (§ 190.2, subd. (a)(17)(A), (B)). Further, in connection with the murder, the information alleged that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) and personally used a knife (§ 12022, subd. (b)(1)).

On December 9, 2003, a jury found defendant guilty as charged on all counts and found true all enhancement allegations. He was sentenced to life without possibility of parole on count 1, plus a consecutive sentence of 25 years to life for the gun enhancement and an additional one year on the arming enhancement.

---

[3] Because the factual background is not relevant to the legal issues raised in this appeal, we will not recount the details of defendant's underlying offenses. Those details can be found in our partially published opinion from defendant's direct prior appeal. (See *People v. Wahlert*, *et al.* (2005) 31 Cal.Rptr.3d 603; previously published at 130 Cal.App.4th 709.)

[4] The information also contained allegations against defendant's codefendant, Tracey Garrison. Those allegations are omitted here.

On June 24, 2005, we affirmed defendant's convictions in a partially published opinion in *People v. Wahlert*, *et al.*, *supra*, 31 Cal.Rptr.3d 603, but modified defendant's sentence on counts 2, 3 and 4 by directing the trial court to stay defendant's sentence on counts 3 and 4 pursuant to section 654. We also directed the court to correct certain clerical errors and ordered victim restitution to be paid jointly and severally. (*Ibid*.)

On March 7, 2022, defendant in propria persona filed a petition to vacate his murder conviction and for resentencing pursuant to former section 1170.95.

The trial court appointed counsel for defendant and heard the petition on August 19, 2022. The prosecutor argued the petition should be denied due to the robbery-kidnapping-murder special circumstances findings and also pointed out that defendant was the actual killer who admitted shooting the victim in the head and slitting his throat. Defense counsel conceded but made an objection for the record. The trial court denied the petition based on the special circumstances findings. Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court erred in denying his petition at the prima facie stage because the court failed to adhere to the procedures articulated in section 1172.6 and misapplied the law. The People agree that under *Strong*, *supra*, 13 Cal.5th 698 the court's order denying defendant's petition for resentencing at the prima facie stage should be reversed and the matter remanded for further proceedings. Because his conviction predates our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788

4

(*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), we concur that the trial court erred in denying defendant's petition at the prima facie stage and remand for further proceedings.[5]

A. *Legal Background*

In 2015 and 2016, our Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding the defendant acted with reckless indifference to human life. Instead, the factfinder must consider "the defendant's personal role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, *supra*, at p. 801, italics omitted.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid*., italics added.) *Banks* provided a non-exhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony. (*Id*. at p. 803.)

---

[5] Since we are remanding the matter for further proceedings pursuant to section 1172.6 in light of *Strong*, we need not address defendant's specific contentions.

And *Clark* offered a similar list for determining whether the defendant acted with reckless indifference to human life. (*Clark*, *supra*, at pp. 619-623.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 846-847; see Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature accomplished this by amending sections 188 and 189. Effective January 1, 2022, Senate Bill No. 775 expanded the scope of those changes to encompass, among other things, murder convictions "under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

Senate Bill No. 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *People v. Gentile*, *supra*, 10 Cal.5th at p. 843; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *Strong*, *supra*, 13 Cal.5th at p. 708.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189

6

made effective January 1, 2019' . . . ." (*Strong*, *supra*, at p. 708.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid*.)

In *Lewis*, *supra*, 11 Cal.5th 952, our Supreme Court explained the trial court's role when faced with a section 1172.6 petition: Petitioners who request counsel "are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." (*Id*. at p. 957.) "[O]nly after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Ibid*., italics omitted; see *id*. at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [its] prima facie determination"].) The court's "prima facie inquiry . . . is limited. . . . '"[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Id*. at p. 971.) Importantly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding

7

involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.'" (*Ibid.*)

If a petitioner has made a prima facie showing of entitlement to relief, "'the court shall issue an order to show cause.'" (*Strong*, *supra*, 13 Cal.5th at p. 708.) Once the court determines that a defendant has made a prima facie showing, it "must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill [No.] 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.'" (*Strong*, *supra*, at p. 709; accord, *Lewis*, *supra*, 11 Cal.5th at p. 960.) "Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life . . . .'" (*Strong*, *supra*, at p. 710.)

In Senate Bill No. 775, the Legislature amended the language of section 1172.6, codifying *Lewis*, *supra*, 11 Cal.5th 952, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie review stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (See *id*. at p. 961.)

C. *Analysis*

Our Supreme Court recently made clear that when, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id*. at p. 710.) The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)." (*Strong*, *supra*, at p. 706.) The court explained that a pre-*Banks* and *Clark* special circumstance finding does not negate the showing that the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, *supra*, at pp. 717-718.)

Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce[,] . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Strong*, *supra*, 13 Cal.5th at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id*. at p. 720.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id*. at p. 720.)

Here, the jury's felony-murder special circumstances findings were made before our high court decided *Banks* and *Clark*. And the trial court found defendant ineligible for relief based on the attendant special circumstances findings that the murder was committed in the commission of a robbery and kidnapping. Under *Strong*, the finding does not categorically render defendant ineligible for resentencing. (*Strong*, *supra*, 13 Cal.5th at p. 720.) Furthermore, a defendant's prima facie case is not barred even if the

trial evidence was sufficient to support the special circumstances findings after *Banks* and *Clark*. (*Strong*, *supra*, at p. 710; *Lewis*, *supra*, 11 Cal.5th at p. 972.) We therefore vacate the trial court's order and remand the matter for further proceedings.

IV.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The matter is remanded for further proceedings consistent with *Strong*, *Lewis*, and section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.

11